UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA ROSSI,<br><br>Plaintiff,<br><br>v.<br><br>F. EDWARD DUDEK,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING SHORT FORM DISCOVERY MOTION (DOC. NO. 122)**<br><br>Case No. 2:15-cv-00767<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Defendant F. Edward Dudek ("Dr. Dudek") and nonparty University of Utah[1] filed a joint motion seeking to "strike" Plaintiff Christina Rossi's Second Set of Discovery Requests to Dr. Dudek and Ms. Rossi's subpoena to the University of Utah.[2] Dr. Dudek and the University contend this discovery is irrelevant, untimely, and beyond the scope of supplemental discovery permitted by the court.[3] The court held a hearing on the motion on October 31, 2022.[4] Because the discovery Ms. Rossi seeks is relevant and timely, and falls within the scope of supplemental discovery, the motion is denied.

---

[1] The University of Utah is a former defendant in this action. All claims against the University have been dismissed.

[2] (Def. Dudek's Short Form Disc. Mot. ("Mot."), Doc. No. 122.)

[3] (*Id.*)

[4] (*See* Minute Order, Doc. No. 126.)

## BACKGROUND

Ms. Rossi is a former doctoral candidate in neuroscience at the University of Utah. After she was terminated from the program in 2014, she brought this action against the University, members of her dissertation committee, and other University officials.[5] Following summary judgment rulings and an appeal, Ms. Rossi's only remaining claim is a defamation claim against her faculty supervisor, Dr. Dudek.[6] As relevant here, Ms. Rossi claims Dr. Dudek falsely told members of her dissertation committee and others that her research was fabricated and that she had engaged in research misconduct.[7]

The original fact discovery period closed on March 31, 2017.[8] Summary judgment motions were filed in October 2017, and the court ruled on the motions in 2020, denying summary judgment on the defamation claim against Dr. Dudek and denying qualified immunity to several members of the dissertation committee.[9] After those members appealed, the Tenth Circuit reversed the denial of qualified immunity and remanded the case in May 2022.[10]

At a status conference after remand, both parties indicated supplemental discovery was necessary on the remaining defamation claim, due to the age of the case.[11] The court instructed

---

[5] (*See* Am. Compl., Doc. No. 23.)

[6] (*See* Order of Dismissal, Doc. No. 118.)

[7] (*See* Am. Compl. ¶¶ 284–298, Doc. No. 23; Mem. Decision and Order 94–98, Doc. No. 102.)

[8] (Scheduling Order 2, Doc. No. 53.)

[9] (*See* Mem. Decision and Order 110–11, Doc. No. 102.)

[10] (Tenth Circuit Order and J., Doc. No. 113.)

[11] (*See* Minute Entry (Aug. 18, 2022), Doc. No. 119.)

counsel to confer and propose discovery deadlines.[12] The parties then filed a stipulated motion to amend the scheduling order,[13] which the court granted.[14] Based on the parties' proposal, the amended scheduling order set a deadline of September 30, 2022, to "serve written supplemental discovery requests, including notices of deposition and Rule 34 production requests."[15] It also set deadlines for supplemental disclosures and discovery responses and supplemental depositions.[16]

Before the September 30 deadline, Ms. Rossi served interrogatories and document requests on Dr. Dudek and issued a subpoena for documents to the University of Utah.[17] The discovery requests and subpoena relate to a research project conducted by Dr. Dudek and another doctoral student around the same time as Ms. Rossi's research. The research was published in a journal called "eNeuro" in July 2017.[18] Ms. Rossi's discovery requests seek information and documents related to the "eNeuro" article and underlying research.[19]

---

[12] (*See id.*)

[13] (Stip. Mot. to Am. Scheduling Order, Doc. No. 120.)

[14] (Am. Scheduling Order, Doc. No. 121.)

[15] (*Id.* at 2.)

[16] (*Id.*)

[17] (*See* Exs. A and B to Mot., Doc. Nos. 122-1, 122-2.)

[18] (*See* Ex. A to Mot., Doc. No. 122-1 at 8.)

[19] (*See* Exs. A and B to Mot., Doc. Nos. 122-1, 122-2.)

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure provides "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."[20] Further, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[21]

## ANALYSIS

Dr. Dudek and the University contend discovery related to the "eNeuro" article and research project is irrelevant to the remaining defamation claim.[22] They also assert this discovery is beyond the scope of supplemental discovery contemplated at the August 18, 2022 status conference and could have been pursued earlier in the case.[23] They claim Ms. Rossi was aware of the underlying research project as early as 2012, and they note they produced the published article to her in May 2018.[24]

Ms. Rossi argues the discovery is relevant to Dr. Dudek's motivation for making false statements about her research, and to provide context for the defamation claim.[25] She also

---

[20] Fed. R. Civ. P. 26(b)(2)(C)(ii).

[21] Fed. R. Civ. P. 26(c)

[22] (Mot. 3, Doc. No. 122.)

[23] (*Id.*)

[24] (*Id.*)

[25] (Opp'n to Short Form Disc. Mot. 3, Doc. No. 123.)

4

contends it is timely because the article was published after the prior fact discovery deadline, and she served the discovery requests by the deadline in the amended scheduling order.[26]

As explained below, because the discovery Ms. Rossi seeks is relevant, timely, and within the scope of supplemental discovery, the motion to strike is denied.

1. **Relevance**

The federal rules permit "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[27] Relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[28]

The discovery Ms. Rossi seeks regarding Dr. Dudek's research project is relevant to her defamation claim. As explained in the court's summary judgment order, both Ms. Rossi's research project and Dr. Dudek's research project involved use of the "Epoch" device to detect seizures in mice—a device which Dr. Dudek co-invented and had a financial interest in.[29] Ms. Rossi's research did not detect seizures resulting from brain lesions, which was contrary to Dr. Dudek's hypothesis and undermined the efficacy of the Epoch device.[30] Ms. Rossi claims Dr. Dudek was motivated to delay publication of her research while he pursued the other research project, ultimately published in the eNeuro article, showing larger brain lesions did cause

---

[26] (*Id.* at 2–3.)

[27] Fed. R. Civ. P. 26(b)(1).

[28] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515-DAK-BCW, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished) (internal quotation marks omitted).

[29] (*See* Mem. Decision and Order 11, 75–76, 76 n.7, Doc. No. 102.)

[30] (*See id.*)

seizures detected by the Epoch device.[31] Thus, the research project at issue is relevant to provide context for Dr. Dudek's alleged false statements regarding Ms. Rossi's research.[32] It is also relevant to Dr. Dudek's motivation for making the statements, and to whether he made the statements with the requisite degree of fault.[33]

### 2. Timeliness and Scope of Supplemental Discovery

Ms. Rossi's discovery is also timely and within the scope of supplemental discovery.

First, Ms. Rossi could not have pursued discovery regarding the eNeuro article earlier in the case because it was published after the close of fact discovery. The fact that Ms. Rossi knew of the research project underlying the article earlier does not mean she had an adequate opportunity to conduct discovery on this topic, where the final, published results were unavailable until after fact discovery had closed.

Second, the discovery is within the scope of supplemental discovery contemplated at the status conference and permitted in the amended scheduling order.[34] The parties represented supplemental discovery was necessary before trial due to the age of the case—namely, the fact

---

[31] (*See id.* at 76 n.7.)

[32] *See O'Connor v. Burningham*, 2007 UT 58, ¶ 27, 165 P.3d 1214 (noting determination of whether a statement is defamatory is "a context-driven assessment").

[33] *See Jacob v. Bezzant*, 2009 UT 37, ¶ 21, 212 P.3d 535 ("A prima facie case for defamation must demonstrate that (1) the defendant published the statements [in print or orally]; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages." (alteration in original) (internal quotation marks omitted)).

[34] Although the amended scheduling order does not reference subpoenas, (*see* Am. Scheduling Order, Doc. No. 121), Dr. Dudek and the University did not argue subpoena are outside the scope of the supplemental discovery permitted under the order.

that several years had passed since the close of fact discovery.[35]  The eNeuro article was published and disclosed to Ms. Rossi during this time period.  Accordingly, it is within the scope of supplemental discovery permitted in the amended scheduling order.

Finally, Dr. Dudek and the University do not allege the discovery was issued beyond the deadline set in the amended scheduling order.

## CONCLUSION

Because the discovery Ms. Rossi seeks is relevant, timely, and within the scope of supplemental discovery, the motion to strike is denied.  Based on the parties' stipulation at the hearing, Dr. Dudek's deadline to respond to the discovery requests is extended to November 14, 2022.

DATED this 7th day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[35] (*See* Minute Entry (Aug. 18, 2022), Doc. No. 119; Stip. Mot. to Am. Scheduling Order, Doc. No. 120.)