IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINA ROSSI,<br><br>    Plaintiff,<br><br>v.<br><br>F. EDWARD DUDEK,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION WITHOUT PREJUDICE<br><br><br>Case No. 2:15-CV-767-TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Plaintiff Christina Rossi's Objection to admission of testimony from Defendant's witness, Grant Cannon, and Defendant's Exhibit 258. For the reasons explained below, the Court will overrule the Objection without prejudice.

I. BACKGROUND

  Plaintiff brought suit against the University of Utah (the "University") and several of its employees after she was dismissed from a Ph.D. program in which she was enrolled through the University. Following orders from this Court and the Tenth Circuit Court of Appeals on the University's motion for summary judgment, the sole claim remaining for resolution by the jury is Plaintiff's defamation claim against Defendant Dr. F. Edward Dudek. Plaintiff asserts that Dr. Dudek made defamatory statements against her, which ultimately resulted in her dismissal from the Ph.D. program and caused her to suffer damages.

  Dr. Dudek asserts as part of his defense that, even if he defamed Plaintiff, any defamatory statements cannot be the cause of Plaintiff's damages because Plaintiff was dismissed from the program due to her academic performance, and not because of any defamatory statements. To

1

support this assertion, Defendant intends to call the members of the Dissertation Committee that initially decided to dismiss Plaintiff from her program. At issue here, Dr. Dudek has also listed Dr. Grant Cannon as a potential witness. Dr. Cannon served as a member of the Academic Appeals Committee at the University that reviewed and upheld the decision of the Dissertation Committee. Dr. Dudek asserts that Dr. Cannon's testimony is relevant to his defense that Plaintiff's dismissal was based on her academic performance and not on any alleged defamatory statements.

Related to Dr. Cannon's testimony, Dr. Dudek has designated Exhibit 258 for admission at trial. Exhibit 258 includes several letters detailing the decisions of University employees to uphold the Dissertation Committee's decision to dismiss Plaintiff as she appealed that decision numerous times, as allowed by the University's policies and procedures. Plaintiff now seeks to exclude both Dr. Cannon's testimony and Exhibit 258 at trial as irrelevant.

## II. DISCUSSION

Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." While relevant evidence is generally admissible, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[1]

---

[1] Fed. R. Evid. 403.

Plaintiff argues that the details of the Appeals Committee's decision is wholly unrelated to whether Dr. Dudek defamed Plaintiff and, therefore, testimony related to their decision should be excluded as irrelevant. Plaintiff further argues that, even if relevant, because Dr. Cannon "cannot offer a unique perspective on Dudek's statements regarding [Plaintiff], [Plaintiff]'s damages, or any other relevant issue,"[2] details of Plaintiff's academic dismissal from Dr. Cannon would be cumulative of the testimony from the members of the Dissertation Committee explaining their reasons for dismissal. Finally, Plaintiff argues that evidence and testimony regarding the Appeals Committee's decision "poses a real risk of confusing the jury, which may incorrectly view the academic appeals process as a de novo or quasi-judicial review of all relevant facts and evidence"[3] and, therefore, runs the risk of "potentially usurp[ing] the jury's role."[4]

The parties do not dispute that to succeed on her claim, Plaintiff must prove that Defendant's alleged defamatory statements caused her to suffer damages. The parties dispute whether the damages suffered as a result of her dismissal were caused by Defendant's alleged defamatory statements or Plaintiff's alleged academic shortcomings. The details of Plaintiff's dismissal, including the decisions made by those participating in the University's appeals process, is therefore of consequence to the issue of causation; and Dr. Cannon's testimony regarding those details does have a tendency to make the facts asserted by Dr. Dudek on the

---

[2] Docket No. 199, at 3.
[3] *Id*.
[4] *Id.* at 5.

issue of causation more or less probable. Accordingly, the Court finds Dr. Cannon's testimony to be relevant.

The Court finds admission of Dr. Cannon's testimony will not usurp the role of the jury as it would not direct them on the applicable legal standard on which they must rely in reaching their determination.[5] Instead, Dr. Cannon's testimony will provide a factual accounting of the University's implemented review procedures and the decisions resulting from those procedures. Further, the Court finds that any concern with potential confusion caused to the jury by allowing such testimony could be alleviated by Plaintiff's cross examination or a limiting jury instruction. Accordingly, the Court will allow the testimony of Dr. Cannon subject to the below-described limitations.

The Court is mindful of the potential of such testimony to be unnecessarily cumulative and, accordingly, wasteful of the jury's time. The Court will not permit examination of Dr. Cannon to belabor longer than necessary to provide the jury with a basic explanation of the relevant appeals decisions. The Court will further consider excluding Dr. Cannon's testimony if a basic explanation of such has been provided through other witnesses.

Plaintiff argues that testimony regarding the Appeals Committee's decision and Exhibit 258 requires expert opinion. While the Court will not allow Dr. Cannon to provide expert testimony, the Court does not believe such is necessary to describe the facts on which the

---

[5] *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) ("[T]estimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case.").

Appeals Committee relied to reach a decision on review. Unlike the members of the Dissertation Committee, who have expertise in certain scientific fields on which they assert to have relied in reaching their decision to dismiss Plaintiff, the members of the Appeals Committee do not appear to have needed any particular expertise in their review of the Dissertation Committee's decision. Instead, the Appeals Committee cites facts and draws conclusions that are "rationally based on [their] perception . . . and . . . not based on scientific, technical, or other specialized knowledge."[6] The same appears to be true for the review decisions detailed in Exhibit 258.

For substantially the same reasons described above and subject to the same limitations, the Court will not exclude Exhibit 258, assuming it is otherwise admissible under the Federal Rules of Evidence.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Objection to the testimony of Grant Cannon and Exhibit 258 (*See* Docket Nos. 165 and 199) is OVERRUELD without prejudice.

DATED this 21st day of February, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[6] Fed. R. Evid. 701.