IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINA ROSSI,<br><br>                Plaintiff,<br><br>v.<br><br>F. EDWARD DUDEK,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:15-CV-767-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's inquiry to the Court regarding how evidence of Defendant's wealth, relevant to any award of punitive damages against Defendant, should be presented in trial.

As Plaintiff indicated to the Court, Utah law provides that "[e]vidence of party's wealth or financial condition shall be admissible only after a finding of liability for punitive damages has been made."[1] However, because this issue is procedural in nature, the Court applies the applicable federal rule rather than that of the state.[2]

---

[1] Utah Code Ann. § 78B-8-201(2).

[2] *See Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir.1990) (applying Rule 42(b) instead of New York common law requiring that evidence of defendant's wealth be admitted only after jury has otherwise determined that punitive damages are appropriate); *Stella Est. of Miller v. Davis Cnty.*, No. 1:18-CV-00002-JNP, 2023 WL 5334188, at *8 (D. Utah Aug. 18, 2023) ("[T]he court's decision to allow the trial to proceed without bifurcation was not in error. Bifurcation would not have been convenient, expeditious, or economic. In fact, severing the issue of punitive damages would have required additional time-consuming proceedings that likely would have duplicated testimony already received on the question of liability.").

Rule 42(b) of Federal Rules of Civil Procedure states that a court may bifurcate separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." In considering such factors courts have "broad discretion in deciding whether to sever issues for trial,"[3] and they abuse that discretion only "if it is unfair or prejudicial to a party."[4]

Considering the relevant factors, the Court finds bifurcation of evidence regarding Defendant's wealth is unnecessary. Presentation of evidence regarding Defendant's wealth would not present any unfairness or prejudice to any party.[5] Instead, bifurcation would unnecessarily require additional time and resources from the Court and the jury, including potentially requiring the jury to spend at least an additional day hearing evidence and deliberating on that evidence.

It is therefore

ORDERED that Plaintiff may elicit testimony from Dr. Dudek regarding his wealth when Defendant is called as a witness during his case in chief.

DATED this 11th day of March, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[3] *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985).

[4] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

[5] Notably, Defendant does not object to introduction of such evidence as part of their case in chief.

2