IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINA ROSSI, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>F. EDWARD DUDEK, an individual,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>Case No. 2:15-CV-767-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law. Defendant made the Motion orally at the conclusion of Plaintiff's case-in-chief on March 12, 2024. For the reasons discussed below, the Court will deny Defendant's Motion.

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the non-moving party and the Court may "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

In this matter, Plaintiff brings a defamation claim against Defendant. "The essential elements a party asserting defamation must prove are: (1) the defendant published the statements; (2) the statements were false; (3) the statements were defamatory; (4) the statements were not subject to privilege (or, if privileged, the privilege was abused); (5) the statements were published with the requisite degree of fault; and (6) the statements caused the plaintiff damages.[5] Defendant asserts an affirmative defense of governmental immunity.

Defendant moved for judgment as a matter of law finding that Plaintiff had not presented sufficient evidence to support (1) Defendant abused the applicable privileges; and (2) Defendant waived his government immunity.

1. PRIVILEGES

Defendant moved for judgment as a matter of law on the grounds that certain privileges apply to some of the alleged defamatory statements, and there has not been sufficient evidence presented that those privileges have been abused. Plaintiff has the burden to prove by a preponderance of the evidence that any privileges applicable to the alleged defamatory statements were abused.

---

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996)).

[5] *Davidson v. Baird*, 2019 UT App 8, ¶ 25, 438 P.3d 928 (Utah Ct. App. 2019); *see also Jacob v. Bezzant*, 2009 UT 37, ¶ 21, 212 P.3d 535.

If the alleged defamatory statements are privileged, to prevail Plaintiff must show that the conditional privileges were abused. A conditional privilege may be lost if Plaintiff can demonstrate actual malice, common law malice, and/or excessive publication. Actual malice exists "where the defendant (1) made a defamatory statement knowing it to be false or (2) acted in reckless disregard as to its falsity."[6] Both factors involve "subjective intent or state of mind."[7] "To prove knowledge of falsity, a plaintiff must present evidence that shows the defendant knows the defamatory statement is untrue."[8] Reckless disregard "exists when there is a high degree of awareness of probable falsity or serious doubt as to the truth of the statement."[9] Although reckless disregard is subjective, there also is an objective component to it. A court may look at "the inherent improbability of or obvious doubt created by the facts."[10] Common law malice may be shown where the publisher made the statements with ill will or spite.[11] Excessive publication occurs where the statement is "published to more persons than the scope of the privilege requires to effectuate its purpose."[12]

Considering these standards, the Court finds that Plaintiff has presented sufficient evidence from which a jury could find that Defendant abused any applicable privileges. Dr. Jeffrey Botkin, the Vice President for Research Integrity at the University of Utah during the time Plaintiff was a student, testified that it was his job to determine if enough evidence had been produced to open an investigation into potential research misconduct. Dr. Botkin testified that

---

[6] *Ferguson v. Williams & Hunt, Inc.*, 2009 UT 49, ¶ 28, 221 P.3d 205.

[7] *Id.* ¶ 30.

[8] *Id.*

[9] *Id.* (internal quotations and citations omitted).

[10] *Id.*

[11] *Id.* ¶ 47.

[12] *DeBry v. Godbe*, 1999 UT 111, ¶ 21, 992 P.2d 979.

Defendant could not articulate a sufficient rationale for his concerns, that his concerns lacked specificity, and he did not provide specific evidence to support his allegations of research misconduct. Accordingly, Dr. Botkin concluded there was not sufficient evidence to initiate an investigation at that time. Dr. Botkin testified that he communicated that information to Defendant. Defendant then testified that, following this determination by Dr. Botkin and Dr. Botkin's reminder to keep concerns confidential, he continued to express his concerns about research misconduct with committee members, people in his lab, and family members.

Defendant also testified that accusations of research misconduct are serious and highly damaging to a scientist's reputation. Other witnesses, including Dr. Botkin, Jay Spampanato, and Kristen Keefe, similarly testified. Defendant testified he did not like Plaintiff, did not trust her, and did not want to work with her. Defendant testified that Plaintiff's comments regarding his lack of availability to her caused him to believe she falsified her data, but there has been testimony from several witnesses, including Plaintiff, Defendant, and Dr. Botkin, that Defendant failed to follow up to verify the truthfulness of his accusations and failed to produce specific evidence of his accusations. Defendant testified that he never tried to verify if his accusations of research were false, despite his access to all the data stored on Plaintiff's laboratory computer within Defendant's laboratory.

Defendant further testified that, even after Dr. Botkin's instruction to keep concerns about research misconduct confidential, he continued to share his concerns with people beyond the Research Integrity Office and the thesis committee. Defendant testified that he shared his research misconduct accusations with his daughter Amanda while she was a student at Harvard University, Dr. Kevin Staley at Harvard University, and other members of his lab, who did not have a legitimate role in resolving the dispute.

Based upon this evidence, the Court finds that Plaintiff has presented sufficient evidence such that a reasonable jury could find that any applicable privileges have been abused by common law malice, actual malice, and/or excessive publication.

2. GOVERNMENTAL IMMUNITY

Defendant is an employee of the University of Utah, a governmental entity. He asserts that he is entitled to immunity under Utah's Governmental Immunity Act (the "Act") even if Plaintiff prevails on her defamation claim.[13] The Act states:

> Except as permitted in Subsection (3)(c), no employee may be joined or held personally liable for acts or omissions occurring: (a) during the performance of the employee's duties; (b) within the scope of employment; or (c) under color of authority.[14]

This is a broad immunity afforded to governmental employees. Its purpose "is to avoid making public officials unduly fearful in their exercise of discretionary authority and discouraging them from taking prompt and decisive action."[15] However, the Act is not an absolute bar on all liability. It provides the following exception to immunity:

> A plaintiff may not bring or pursue any civil action or proceeding based upon the same subject matter against the employee or the estate of the employee whose act or omission gave rise to the claim, *unless*: (i) the employee acted or failed to act through fraud or willful misconduct . . . .[16]

An employee's action is within the scope of employment "if it is (1) of the general kind the employee is employed to perform and (2) motivated, at least in part, by the purpose of

---

[13] "Generally, it is appropriate to address liability issues . . . prior to addressing the affirmative defense of the defendant's immunity from suit." *Lyon v. Burton*, 2000 UT 55, ¶ 12, 5 P.3d 616.

[14] Utah Code Ann. § 63G-7-202(4).

[15] *Lyon*, 2000 UT 55, ¶ 44 (quotation marks, citation, and alterations omitted).

[16] Utah Code Ann. § 63G-7-202(3)(c)(i) (emphasis added).

5

serving the employer's interest."[17] While Defendant asserted that there was no question that his statements were made within the scope of his employment, the evidence on this point is not as clear as he suggests. A jury could find that certain statements, particularly statements made by Defendant to his daughter, involved a "personal endeavor" not within the scope of his employment.[18] Putting this aside, governmental immunity can be overcome by a showing of willful misconduct.

The Act defines "willful misconduct" as "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury."[19] "Thus, willfulness requires a showing (1) that the government actor intentionally performed a wrongful act (2) with an awareness that injury will likely result."[20] In the context of defamation, willfulness is shown "only if the defendant had knowledge of [the statement's] falsity."[21]

The same evidence discussed above that speaks to the privileges element applies with equal weight to the question of Defendant's knowledge of the falsity of his statements and awareness that his statements were likely to cause injury to Plaintiff. Therefore, the Court finds that Plaintiff has presented sufficient evidence from which a reasonable jury could find that governmental immunity does not apply for at least some of the defamatory statements, and a reasonable jury could find that Plaintiff has shown that Defendant acted with willful misconduct.

---

[17] *Salo v. Tyler*, 2018 UT 7, ¶ 36, 417 P.3d 581 (internal quotations and citations omitted).
[18] *Id.*
[19] Utah Code Ann. § 63G-7-102(11).
[20] *Salo*, 2018 UT 7, ¶ 41.
[21] *Id.* ¶ 44.

Because Plaintiff has presented evidence from which a jury could find that (1) the statements, if privileged, lost the privilege due to abuse; and (2) the Defendant is not entitled to governmental immunity, the Court denies Defendant's Motion for Judgment as a Matter of Law.

It is therefore

ORDERED that Defendant's Motion for Judgment as a Matter of Law is DENIED.

DATED this 18th day of March, 2024.

BY THE COURT:

Ted Stewart
United States District Judge